### Emma Gilmore, Appellee, v. E. M. Farmer, Appellant.

1. BANKRUPTCY—*what claim not affected by discharge.* A claim of a creditor who has received no notice actual or constructive of bankruptcy proceedings in which a discharge has issued to the debtor, is not affected by such discharge.

2. EVIDENCE—*what questions improper.* A question which calls for the conclusion of a witness is improper and an objection thereto should be sustained.

3. INSTRUCTIONS—*when refusal of correct will not reverse.* The refusal of a correct instruction the substance of which is contained in another given, will not reverse.

Assumpsit. Appeal from the Circuit Court of McDonough county; the Hon. H. M. WAGGONER, Judge, presiding. Heard in this court at the November term, 1909. Affirmed. Opinion filed June 4, 1910.

FLACK & LAWYER, for appellant.

THEODORE B. SWITZER, for appellee.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

This is a suit brought by Emma Gilmore against E. M. Farmer to recover the amount alleged to be due upon a joint and several promissory note, bearing date May 26, 1906, executed by John Boyd, William T. Boyd and the defendant Farmer, for the sum of $300 payable to the plaintiff one year after date with interest at six per cent. To the declaration in the usual form upon said note the defendant pleaded the

general issue, together with his special plea, wherein he avers his adjudication as a bankrupt on January 2, 1907, by the United States District Court for the Northern Division of the Southern District of the State of Illinois, and his discharge as such bankrupt by said court on February 7, 1907, in pursuance to a composition agreement approved and confirmed by said court. Said special plea further avers that the plaintiff had notice of the pendency of said bankruptcy proceeding prior to the termination of one year after the adjudication of the defendant as a bankrupt; that the time for filing claims against said bankrupt expired January 2, 1908, and that no claim was filed against him in said bankruptcy proceeding by the plaintiff. Plaintiff filed her similiter to the plea of the general issue, and replied to defendant's special plea, that the defendant did not schedule the note sued on as a claim against him in said bankruptcy proceedings, and that the plaintiff had no notice or knowledge of the pendency of said bankruptcy proceedings.

Upon the trial by a jury, it was stipulated between the parties, that the note in question was signed by the defendant; that on May 27, 1907, there was paid on the note $18 as interest; that on October 7th, and October 19th, following, payments of $50 each were made on said note; that the defendant was adjudged a bankrupt and thereafter a composition agreement between said defendant and his creditors was approved and confirmed by the United States District Court as averred in defendant's special plea; that the defendant did not schedule the note in question as one of his liabilities, and that said note was not filed by the plaintiff as a claim against the defendant in said bankruptcy proceedings within one year after the filing of the petition to adjudge the defendant a bankrupt; that no notice of a creditors' meeting was sent by the referee in bankruptcy to the plaintiff, or to any one for her; that the debt, if any is owing, was a provable claim in said bankruptcy proceedings, and was not one of the debts included in the composition agreement; that if the defendant is liable to pay said note, there is due thereon $254.05. The trial of the case resulted in a verdict and judgment against

the defendant for said sum of $254.05, and this appeal is prosecuted by him to reverse said judgment.

Section 17 of the Federal Bankruptcy Act, provides that "A discharge in bankruptcy shall release a bankrupt from all his provable debts, except such as * * * (3) have not been duly scheduled in time for proof and allowance, with the name of the creditor if known to the bankrupt, unless such creditor had notice or actual knowledge of the proceedings in bankruptcy * * *," and section 14c of the same act, provides that, "The confirmation of a composition shall discharge the bankrupt from his debts, other than those agreed to be paid by the terms of the composition and those not affected by a discharge."

The main question of fact involved was whether or not the plaintiff had notice or actual knowledge of the pendency of the proceedings to adjudge the partnership of E. M. Farmer & Sons and the defendant personally bankrupts. For the purpose of showing that the plaintiff had such notice or actual knowledge, evidence was introduced on behalf of the defendant tending to prove that the husband of the plaintiff was a subscriber to a daily newspaper published in the city of Macomb, known as the "Macomb Daily Journal," for a period of more than one year from December 7, 1906; that said paper was delivered at the home of the plaintiff during said time and contained in addition to the referee's notice of the first meeting of creditors several articles written as news items relating to the pendency of such proceedings, some portions of which articles were read by the plaintiff; and further that one T. H. Downing, who, it was claimed by defendant was acting as general agent of the plaintiff for the collection of said note, was informed by the defendant and his son of the pendency of said bankruptcy proceedings. The plaintiff testified that she had a recollection of having read a portion of some of the articles relating to the pendency of said bankruptcy proceedings but took no interest therein because she did not know that the person designated in said article as E. M. or Edgar M. Farmer, and known by her as Ed Farmer, to whom reference was therein made, was one of

the makers of the note in question; that the signature of the defendant to said note being "E m Farmer," she thought the letters "Em" were an abbreviation of the name Emma, which was her own name and was sometimes thus abbreviated by her, and that the maker of said note was a woman. The evidence discloses that the loan for which the note in question was given was negotiated by Downing for the plaintiff, and that within a few days after the same was executed it was delivered to the plaintiff and remained in her possession until shortly prior to the commencement of this suit on April 24, 1908. The plaintiff testified that about the time of the maturity of the note on April 26, 1907, she requested Downing to collect the interest, if it was convenient for him to do so, and that the interest amounting to $18 was collected by him from John Boyd, for whose use the money appears to have been borrowed, and that the same was paid by him to her husband who gave it to her; that subsequent thereto when she needed some money she again requested Downing to collect something upon the note and that the two payments of $50 each, on October 7, 1907, and October 19, 1907, were collected by Downing from said Boyd, and paid to her by her husband. The testimony of Downing, called as a witness on behalf of the plaintiff, is in substantial accord with the testimony of the plaintff, except that he testified that the two payments on the notes of $50 by John Boyd were made to him without any request by the plaintiff to him to collect the same; and he further testifies that he had no notice of the pendency of the bankruptcy proceedings. Whether or not the plaintiff had notice or actual knowledge of the pendency of the proceedings in bankruptcy against the defendant, and whether or not the relations which existed between the plaintiff and Downing with reference to the collection of the note involved, constituted Downing such a general agent of the plaintiff in that respect as to make the plaintiff chargeable with notice to or actual knowledge by Downing of the pendency of said proceedings, and whether or not Downing had such notice or actual knowledge, were questions of fact proper to be submitted to the jury, and a careful examination

of the record warrants, in our opinion, the finding of the jury upon such issues.

It is urged on behalf of defendant that the court improperly overruled an objection to a question asked the plaintiff upon her cross-examination by her counsel, she having been examined in chief by counsel for defendant, as to whether Downing was her agent in any matters with reference to the note between the dates on which she asked him to collect the several amounts paid by Boyd. The objection to the question should have been sustained as calling for the conclusion of the witness, but the record discloses that the answer of the witness to said question was not responsive, and in the absence of a motion by defendant to strike the answer from the record the question sought to be raised is not properly preserved for review.

Instruction "B" given at the instance of the plaintiff informed the jury that unless they found from the evidence that the plaintiff had actual knowledge or notice of the bankruptcy proceedings so she could have filed her claim against the defendant for the payment of the note in question, within the time for filing the claims in said proceeding, then they should find the issues for the plaintiff. It is urged that this instruction is erroneous because it ignores the defenses of agency and notice to the agent. At the instance of the defendant the court instructed the jury that notice to an agent is notice to the principal, and said instruction further concretely applied the rule of law announced to the facts as claimed to exist by the defendant, if the jury believed from the evidence that such were the facts. The instructions are not necessarily contradictory, but conceding that the instruction given at the instance of the plaintiff should have embodied the element of agency the omission in that regard was not prejudicial to the defendant because the evidence is insufficient to support a finding that Downing was such an agent of the plaintiff as that notice to him of the pendency of the bankruptcy proceeding would have been notice to the plaintiff.

In so far as the second and third instructions tendered by defendant, and refused by the court, were correct statements

THIRD DISTRICT—JUNE, 1910.    75

Booth v. Cleveland, C. C. & St. L. R. Co., 156 Ill. App. 75.

of the law applicable to the case, they were fully covered by other instructions given at the instance of the defendant.

There is no error in the record prejudicial to defendant and the judgment of the circuit court will be affirmed.

*Affirmed.*